UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CLAUDIA VARELA and JAVIER RAMIREZ, <br><br> Plaintiffs, <br><br> v. <br><br> BRENT TURNER, et al <br><br> Defendants. | CAUSE NO.: 1:20-CV-96-HAB-SLC |

**OPINION AND ORDER**

This matter is before the Court on a Stipulation to Dismiss Certain Defendants with Prejudice (ECF No. 57), filed on December 15, 2021. The Stipulation, to which the parties appear to have verbally agreed upon during a telephone scheduling conference held on December 8, 2021 (ECF No 56), indicates that the parties agree to dismiss Defendants Tim Bates and Jack Cain. The Stipulation further represents that the parties agree to the dismissal with prejudice of this action but that it should remain pending as to "all other defendants."

Federal Rule of Civil Procedure 41(a) provides the terms upon which a plaintiff can voluntarily dismiss an action. Fed. R. Civ. P. 41(a). The Seventh Circuit has indicated that Rule 41(a) should be used for the limited purpose of dismissing an entire action rather than for dismissal of individual parties or piecemeal claims. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) ("Although some courts have held otherwise, we've said that Rule 41(a) does not speak of dismissing one claim in a suit; it speaks of dismissing an action—which is to say, the whole case.") (first quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001); then citing *Nelson v. Napolitano*, 657 F.3d 586, 588 (7th Cir. 2011)).

According to the Seventh Circuit then, Rule 41(a) is not the proper vehicle for dropping individual parties or claims. *See Taylor,*787 F.3d at 858 n.9. ("The parties indicated that it's common practice in some district courts in this circuit to allow the voluntary dismissal of individual claims under Rule 41(a). If that is true, we remind judges to use Rule 15(a) instead."). If Plaintiff desires, instead, to amend the complaint under Federal Rule of Civil Procedure 15(a) to remove Defendants Bates and Cain, leave is so granted. Plaintiff has until January 24, 2022, to file an Amended Complaint.

## CONCLUSION

For the reasons stated above, the Stipulation to Dismiss Certain Defendants with Prejudice (ECF No. 57), has no effect and will be termed as a pending motion on the Court's docket. SO ORDERED on January 10, 2022.

   s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT